**Iris ROSS, Plaintiff–Respondent,**

**v.**

## SOUTHEAST OZARK MENTAL HEALTH CENTER, Defendant–Appellant.

**No. 17078.**

Missouri Court of Appeals, Southern District.

July 1, 1991.

G.H. Terando, Wilhoit, Edmundson, Terando & Welch, Poplar Bluff, for defendant-appellant.

No respondent's brief filed.

**FLANIGAN, Chief Judge.**

Plaintiff Iris Ross brought this action against defendant Southeast Ozark Mental Health Center, seeking damages for breach of an employment contract and unpaid fringe benefits. Defendant filed a counterclaim seeking recovery of $1,875, representing an alleged overpayment made by defendant to Ross.

The trial court, sitting without a jury, found the issues on the petition in favor of Ross and awarded her $2,102.90. The court denied defendant recovery on its counterclaim. Defendant appeals. No brief has been filed on behalf of respondent Ross.

Defendant claims that the trial court erred in finding in favor of Ross on the petition and against defendant on the counterclaim because: (a) there was no substantial evidence to support the award on the petition because the evidence demonstrated unequivocally that Ross was a contract employee and not an employee for wages, and had to render services under the contract in order to be entitled to compensation but did not render such services, and (b) the denial of recovery on the counterclaim was against the weight of the evidence in that

the evidence unequivocally showed that Ross had been paid for services she had not performed because she was then attempting to do the services for which she had been paid previously.

Appellate review of this court-tried case is governed by Rule 73.01(c), V.A.M.R. This court must give due regard to the opportunity of the trial court to have judged the credibility of the witnesses. The judgment of the trial court will be sustained unless there is no substantial evidence to support it, or it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976).

The written contract provided that Ross was to work for defendant as an "intensive community support worker" from July 1, 1988, to June 30, 1989, for a salary of $15,000, to be paid in equal monthly installments "for the number of months served." The contract further provided that the employment was subject to the policies and by-laws of defendant and that the contract could be cancelled "at any time during the contract period upon the giving of 30 days' notice in writing." Neither side gave a written notice of cancellation.

Ross testified that her employment began on May 1, 1988, prior to the effective date of the contract, and that she continued to work until March 8, 1989, when one of defendant's employees, Joy Morgan, told Ross she would no longer be receiving pay because her contract was no longer valid. Ross further testified that she did not receive any pay for the work she performed for the month of February and the first eight days of March. She sought recovery for unpaid wages, together with fringe benefits consisting of "comp time, sick leave and vacation time" to which she was entitled under defendant's employment policies. Ross testified she had accumulated 40 hours of vacation time, 42 hours of sick leave, and 22½ hours of "comp time" for which she had not received payment. She calculated the unpaid fringe benefits to amount to $816.15.

The only witness for the defendant was its chief executive officer, Dora Cole. She testified that Ross's work was unsatisfactory. She admitted, however, that Ross was not paid for services rendered from January 31 to March 8, 1989, and she also testified that Ross's check for January was "held" until Ross finished her paper work. Cole conceded that "a terminated employee is normally allowed vacation time and compensatory time," and that Ross had not received payment for either of those two items. According to Cole, Ross was entitled to $600 for the unpaid fringe benefits.

Defendant's argument in support of its point attacks the credibility of Ross and advocates the credibility of Dora Cole. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with a firm belief that the decree or judgment is wrong. *Murphy*, 536 S.W.2d at 32. This court has no such firm belief. The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

In accordance with Rule 84.16(b), V.A.M.R., the judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.